| | |
|---|---|
| From: | Christopher Ramey <ramey@rameylegal.com> |
| Sent: | Friday, December 27, 2019 11:38 AM |
| To: | Jacob Stephens; rprice@canteyhanger.com |
| Subject: | FW: Steadfast / Lee - Revised Settlement Agreement |
| Attachments: | Special Warranty Deed 2113 Oatfield.v2 (3) cbr.docx; Settlement and Release Agreement.v4 cbr.docx; Settlement and Release Agreement (12 11 2019) stf rl (003).cbr comments.docx |
| Importance: | High |

Gentlemen, I hope you had a good Christmas, and thank you for continuing to work through.

Please see the following comments and attachments. The v4 settlement document was not a true redline, did not contain a final from the prior redlines, and had some formatting issues, so my redlines might not be as clean as they could have been.

Please confirm that we need not snail mail this notice as per the policy, and that this email and similar emails to counsel will suffice for notice purposes.

It appears to me that the insureds can assign ownership of the debt to the aforementioned LLC and take title without issue under the policy ss 1(e). Please advise if there are any issues with that. If we can get there, we will form the LLC and get all insureds' signatures on the assignment so the deeds can convey to the LLC.

I understand the position set forth by Randy, but must reassert on behalf of the insured that the Indebtedness now exceeds $804,000, not counting the expenses of enforcement, taxes, insurance, and amounts necessary to prevent deterioration; and the 3 year delay, tenants, and unknown condition of the property, together with the other unusual circumstances of the properties and parties, renders taking of title now to be a much less desirable outcome than payment of the claim. The insured re-asserts that it would have been a much better alternative to have paid the insured its indebtedness early on, rather than to have litigated in this fashion, only to still pay a third party $400,000 for title to properties now in dubious condition. The insured reasserts that it prefers, and has made demand for, payment of the Indebtedness.

That said, I have recommended to the insureds that they attempt to accommodate the settlement, on the following conditions:

The insurer shall deliver deeds as agreed and the final closing documents in agreed form;

The insurer shall deliver to the insured/grantee at Closing a new title insurance policy in acceptable form;

The insurer shall deliver to the insured/grantee at Closing the sum of $64,000 for the known deficiency; ($804,000 less 375,000 x 2 per the appraisals provided by the insurer)

The insurer agrees to pay any taxes or pro-rated taxes coming due on the properties through the end of the existing lease;

The insurer agrees to pay for a pro-rated amount for a policy of insurance through the date of expiration of the lease;

1

**Exhibit 6.5**

PLAINTIFF 007930

The insurer shall pay to the insured/grantee at Closing the interest accruing on the occupied property through the end of the existing lease ($11,250);

The insurer shall pay at Closing to the insured/grantee the reasonable and customary costs of marketing and sale of the properties ($32,000) (4% times the appraised values).

Please advise and let me know, and we will finalize this matter. The sooner we get an idea of whether this will settle, the better we can get the LLC formed with the SOS by the 31st.

Many thanks.

**PLEASE NOTE: OUR ADDRESS HAS CHANGED**

Christopher B. "C.B." Ramey
**Managing Attorney**


**THE RAMEY LEGAL GROUP, PLLC**


215 S. 4th St.
Wallis, Texas 77485
1602 Hamblen
Houston, Texas 77009
713-974-1333 (Phone)
713-974-5333 (Fax)
ramey@rameylegal.com

CONFIDENTIALITY STATEMENT

This message and all attachments are covered by The Electronic Communications Privacy Act, 18 USC secs. 2510-21. The matters contained herein are confidential and may be protected by the attorney-client, work product and other privileges. Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful. If you receive this communication in error, you must delete this message and any copy (in any form) without disclosing it further. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission or by calling The Ramey Legal Group, PLLC (713) 974-1333. Unless expressly stated in this email, nothing in this message should be construed as a digital or electronic communication or signature within the meaning of Electronic Signatures in the Global and National Commerce Act or any other law of similar import, including without limitation, the Uniform Electronic Transactions Act, as the same may be enacted in any State. Unless a formal engagement letter is signed, and this communication is intended to fall within its scope, nothing in this email shall be construed as legal advice. Neither the Ramey Legal Group nor any member, manager, employee or affiliate shall be bound contractually by any email communication, except by signed writing expressing the intent to form a binding agreement. Thank you for your cooperation.

CIRCULAR 230 DISCLOSURE

The Ramey Legal Group, PLLC does not give tax advice. However, in order to comply with Treasury Department regulations, we must inform you that any advice contained in this communication (including any attachments) that may be construed as tax advice is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or any other applicable tax law, or for promoting, marketing or recommending to another party and transaction, arrangement, or other matter.

---

**From:** Christopher Ramey
**Sent:** Friday, December 27, 2019 12:06 PM
**To:** Jacob Stephens
**Cc:** Marc Sherrin (marc@steadfastfunding.com)
**Subject:** RE: Steadfast / Lee - Revised Settlement Agreement Attached

Jacob,

First, The only lenders currently involved are:

PLAINTIFF 007931

Jyoti B. Ramsey
Grosse Family Trust
Morgan Marketing and Management, INC
Initram, INC
Bruce Robinson

All others have been released.

However, we will be creating a new LLC, "2111-3 Oatfield, LLC", to take title assuming we get this done. More to follow shortly, computer issue.

**PLEASE NOTE: OUR ADDRESS HAS CHANGED**

Christopher B. "C.B." Ramey
**Managing Attorney**

**T H E   R A M E Y   L E G A L   G R O U P ,   P L L C**

215 S. 4th St.
Wallis, Texas 77485
1602 Hamblen
Houston, Texas 77009
713-974-1333 (Phone)
713-974-5333 (Fax)
ramey@rameylegal.com

CONFIDENTIALITY STATEMENT

This message and all attachments are covered by The Electronic Communications Privacy Act, 18 USC secs. 2510-21. The matters contained herein are confidential and may be protected by the attorney-client, work product and other privileges. Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful. If you receive this communication in error, you must delete this message and any copy (in any form) without disclosing it further. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission or by calling The Ramey Legal Group, PLLC (713) 974-1333. Unless expressly stated in this email, nothing in this message should be construed as a digital or electronic communication or signature within the meaning of Electronic Signatures in the Global and National Commerce Act or any other law of similar import, including without limitation, the Uniform Electronic Transactions Act, as the same may be enacted in any State. Unless a formal engagement letter is signed, and this communication is intended to fall within its scope, nothing in this email shall be construed as legal advice. Neither the Ramey Legal Group nor any member, manager, employee or affiliate shall be bound contractually by any email communication, except by signed writing expressing the intent to form a binding agreement. Thank you for your cooperation.

CIRCULAR 230 DISCLOSURE

The Ramey Legal Group, PLLC does not give tax advice. However, in order to comply with Treasury Department regulations, we must inform you that any advice contained in this communication (including any attachments) that may be construed as tax advice is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or any other applicable tax law, or for promoting, marketing or recommending to another party and transaction, arrangement, or other matter.

---

**From:** Jacob Stephens [mailto:jstephens@imtexaslaw.com]
**Sent:** Friday, December 27, 2019 9:16 AM
**To:** Christopher Ramey
**Cc:** Marc Sherrin (marc@steadfastfunding.com)
**Subject:** Steadfast / Lee - Revised Settlement Agreement Attached

PLAINTIFF 007932